62449. ATLANTA GAS LIGHT COMPANY v. CITY OF ATLANTA et al.
62450. ATLANTA GAS LIGHT COMPANY v. AETNA CASUALTY & SURETY COMPANY et al.
62451. CONCRETE CONSTRUCTION COMPANY v. CITY OF ATLANTA et al.
62452. CITY OF ATLANTA et al v. GEORGIA POWER COMPANY.

BANKE, Judge.

During a severe ice storm on January 8, 1973, a pumping station at the Atlanta Water Works exploded and burned, apparently due to an accumulation of natural gas inside the structure. The City of Atlanta and a host of subrogated insurance companies brought this suit to recover for the damage, naming as defendants Georgia Power Company, Atlanta Gas Light Company, Concrete Construction Company, and McDonough Construction Company. Georgia Power Company is alleged to have been negligent in grounding the high-voltage power lines serving the pumping station by means of an underground metal grid rather than by running a neutral wire back to the power source. It is also charged with negligence in restoring power to these lines at a time during the ice storm when a "ground fault" was in existence, i.e., one of the lines was broken and was in contact with the ground near the pumping station. McDonough Construction Company installed the power lines to the pumping station as a contractor for Georgia Power and is the only defendant which is not a party to this appeal. Atlanta Gas Light Company is charged with negligence in installing an underground gas line to the pumping station in such a manner that it traversed and came into contact with an underground electrical conduit. Concrete Construction Company

was the contractor on this project.

According to the plaintiffs' theory, when Georgia Power Company recharged the power lines to the pumping station following an interruption in service during the storm, the current discharged through the "ground fault" and thence through the gas line and the underground conduit at different voltages, causing electricity to arc across the two pipes and melt them at the point of contact. Natural gas then flowed through the conduit into the pumping station, where it accumulated and finally ignited.

As stated previously, the explosion occurred on January 8, 1973. Installation of the gas line was completed prior to October 6, 1968. The plaintiffs filed suit on January 5, 1977, and January 7, 1977, less than four years after the explosion and fire but more than eight years after the installation of the gas line. Atlanta Gas Light Company and Concrete Construction Company moved for summary judgment, contending that the actions are barred by the statute of limitation. We granted their applications for interlocutory review from the denial of these motions. Georgia Power Company also moved for summary judgment, contending that the uncontroverted facts negated any liability on its part. The trial court granted this motion, and the plaintiffs have attacked that ruling by way of a cross appeal. *Held:*

1. The statutes of limitation asserted by Atlanta Gas Light Company and Concrete Construction Company, Code § 3-1001 and Code Ann. § 3-1006 (Ga. L. 1968, p. 127), do not bar the suits.

(a) Code § 3-1001 provides that "[a]ll actions for trespass or damages to realty shall be brought within four years *after the right of action accrues."* (Emphasis supplied.) As already indicated, the plaintiffs filed suit within four years of the date of the explosion but more than four years from the date of the installation of the gas line. A cause of action by a property owner for damage to a building resulting from a construction or design defect accrues at the time of defective construction. *U-Haul Co. of Western Ga. v. Abreu & Robeson, Inc.,* 247 Ga. 565, 566 (277 SE2d 497) (1981); *Wellston Co. v. Sam N. Hodges, Jr. & Co.,* 114 Ga. App. 424, 426 (151 SE2d 481) (1966); *Caroline Realty Inv. v. Kuniansky,* 127 Ga. App. 478 (4) (194 SE2d 291) (1972). See also *Jankowski v. Taylor, Bishop & Lee,* 246 Ga. 804, 807 (273 SE2d 16) (1980). Since the existence of the defect gives rise to immediately ascertainable damages to the owner which can be measured by the resulting decrease in market value of the property or by the cost of repair, this rule is nothing more than an extension of the general rule that a cause of action in tort arises at the time the action could first have been successfully maintained, i. e., when some damage first occurs. See *Barrett v. Jackson,* 44 Ga. App. 611 (2) (162

SE 308) (1931). However, where the defect is not in the construction of a building or other structure owned by the plaintiff but in the installation of equipment owned and maintained by a public utility for the purpose of providing service to the property, such reasoning does not apply. Cf. *Turner v. Marable-Pirkle, Inc.,* 238 Ga. 517 (233 SE2d 773) (1977). In such a situation, it is not the owner's property which suffers immediately from the defect but the utility company's, and it is totally unreasonable to expect the owner to discover it or assume responsibility for its repair, particularly where it is buried underground. We accordingly hold that the 4-year limitation period established by Code § 3-1001 did not begin to run against the city until the date its property was damaged by the explosion and fire.

(b) Code Ann. § 3-1006, supra, provides that no action to recover damages arising out of a deficiency in the design or construction "of an improvement to real property" shall be brought against the provider of such services "more than eight years after substantial completion of such an improvement." This limitation applies regardless of when the injury occurs or, indeed, whether a cause of action has accrued at all prior to the expiration of the period. See generally *Benning Const. Co. v. Lakeshore Plaza Enterprises,* 240 Ga. 426, 427-428 (241 SE2d 184) (1977). The plaintiffs in this case filed suit more than eight years after installation of the gas line. Thus, if the statute applies, their claims against the gas company and its contractor are absolutely barred. We conclude, however, that the installation of the gas line did not constitute an "improvement to real property" within the meaning of the statute and thus that the statute does not apply.

In *Turner v. Marable-Pirkle, Inc.,* supra, the plaintiff was injured when a roto-tiller he was operating came into contact with a utility pole ground wire which had been energized due to a defect in its installation. One of the defendants, an independent contractor hired by the utility to upgrade the existing power distribution system, raised Code Ann. § 3-1006 as a defense. The court held that "[t]he erection of a power pole, and the placing of the necessary equipment thereon, for the transmission of electricity is not such an improvement to real estate as was contemplated by the 1968 statute." *Id.* at 519. It follows that the installation of an underground gas line by a utility company for the transmission of natural gas, where the ownership of the line continues in the company, is not such an improvement to real estate as was contemplated by the statute. In each case, the "improvement" is more appropriately considered an extension of the utility's distribution system than an improvement to property owned by the plaintiff.

2. Atlanta Gas Light Company contends that because Concrete Construction Company installed the line as an independent contractor, the latter's negligence cannot be imputed to it. However, the record reveals that during the period of time in question Concrete Construction Company worked exclusively for Atlanta Gas Light Company, that it contracted to perform services for the gas company on a yearly basis rather than on a per-job basis, that it was paid by the number of feet of pipe laid per day rather than by the job, that the gas company was empowered to allocate Concrete Construction Company's work force from job to job on a daily basis by means of work orders, and that the gas company retained the authority to make on-the-job decisions as to the manner of execution of the work. Thus, we cannot conclude as a matter of law that Concrete Construction Company was functioning as an independent contractor rather than as a servant of the power company. See generally *Sloan v. Hobbs Sporting Goods Shop,* 145 Ga. App. 255, 257 (243 SE2d 673) (1978). In any event, the plaintiffs have alleged that the gas company is liable not only for the negligence of Concrete Construction Company but also for its own independent acts of negligence in supervising and inspecting the work while it was in progress, and there is considerable evidence to indicate that the gas company did indeed undertake such a responsibility. Thus, there remain material issues of fact concerning the gas company's liability, regardless of whether Concrete Construction Company was acting as a servant or as an independent contractor.

3. The grant of summary judgment in favor of Georgia Power Company is reversed. The company does not argue that it has negated the allegations that the design of the power distribution system to the pumping station was negligent or defective but argues that any negligence on its part was superseded by the intervening negligence of the gas company and Concrete Construction Company in laying the gas line over underground electrical conduit. Assuming *arguendo* that this is so, there remains the allegation that the power company was negligent in attempting to energize the lines to the pumping station during the storm without checking for the existence of the nearby ground fault. This alleged act of negligence occurred immediately prior to the explosion. Whether the risk that the resulting discharge would damage the city's property was reasonably foreseeable is, of course, a factual issue to be decided at trial rather than by the court upon motion for summary judgment. See generally *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237 (227 SE2d 336) (1976).

4. For the foregoing reasons, the grant of summary judgment to Georgia Power Company is reversed, and the denials of summary judgment to Atlanta Gas Light Company and Concrete Construction

Company are affirmed.

*Judgments affirmed in case Nos. 62449, 62450, and 62451. Judgment reversed in case No. 62452. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 2, 1981 —
REHEARINGS DENIED OCTOBER 29, 1981 IN CASE NOS. 62449-62452 AND
REHEARING DENIED NOVEMBER 17, 1981 IN CASE NO. 62451 —

*Hugh E. Wright, John G. Parker,* for appellant (case nos. 62449, 62450).

*Bruce H. Beerman, Steven J. Kyle, J. Kenneth Moorman, Jeffrey R. Nickerson, James B. Ritchie,* for appellees (case nos. 62449, 62450).

*Steven J. Kyle, Michael A. McKenzie,* for appellant (case no. 62451).

*Palmer H. Ansley, J. Kenneth Moorman, Ben S. Williams, Bruce H. Beerman, Hugh E. Wright, Jeffrey R. Nickerson, James B. Ritchie,* for appellees (case no. 62451).

*Palmer H. Ansley, J. Kenneth Moorman, Ben S. Williams,* for appellants (case no. 62452).

*Bruce H. Beerman, Steven J. Kyle, Hugh E. Wright, Jeffrey R. Nickerson, James B. Ritchie, Kevin C. Greene,* for appellee (case no. 62452).