723 P.2d 245

**Tomas DELGADILLO and Clara Delgadillo, Moises Romero and Diane Romero, Plaintiffs**

v.

**CITY OF SOCORRO, Defendant-Third Party Plaintiff-Appellant,**

v.

**Donald W. TIMBERMAN, Individually and d/b/a Timberman Construction Company, and Timberman Corporation, a New Mexico corporation, d/b/a Timberman Corporation and Construction, Third-Party Defendants-Appellees.**

No. 15,867.

Supreme Court of New Mexico.

Aug. 12, 1986.

Aguilar, Vermillion & Kirkwood, Mary L. Vermillion, Albuquerque, for defendant third-party plaintiff-appellant.

Beall, Pelton, O'Brien & Brown, Daniel J. O'Brien, Albuquerque, for third-party defendants-appellees.

## OPINION

SOSA, Senior Justice.

This appeal arises from a summary judgment granted the third-party defendant, Donald W. Timberman (Timberman), under NMSA 1978, Section 37-1-27 against the third-party plaintiff, the City of Socorro (Socorro). We affirm.

The sole question on appeal is whether a gas line replacement and relocation constitutes a "physical improvement to real property" within the meaning of NMSA 1978, Section 37-1-27.

**FACTS:**

On April 21, 1969, Socorro entered into a contract with Timberman to complete a utility system construction project in Socorro, New Mexico. The work consisted of adjustments to Socorro's water, sewer, and natural gas systems as required to facilitate the construction of a new highway. Timberman installed new gas lines and routed existing lines, connecting them to customer gas meters by compression couplings. Job engineer, Ralph E. Vail, certified the work as complete by letter dated October 31, 1969. On February 7, 1983, a gas explosion occurred at plaintiffs Tomas and Clara Delgadillos' residence and place of business in Socorro, New Mexico. The plaintiffs filed suit against Socorro on September 27, 1983, to recover damages for personal injury and property damage sustained. The complaint alleged that the explosion was caused by gas leakage from unsafe pipes and couplings, negligently constructed, installed, and maintained. The cause of action accrued, and suit was filed, more than ten years after the work was substantially completed. Plaintiffs Moises and Diane Romero, neighbors of the Delgadillos, also filed suit against Socorro for injuries and property damage caused by the same gas explosion. These cases were later consolidated. On November 28, 1983, Socorro filed a third party complaint seeking reimbursement for indemnity and negligence against Timberman. The complaint was subsequently amended, setting forth a claim for breach of warranty. The plaintiffs' consolidated cases were dismissed after the parties entered into a settlement agreement, releasing Socorro from liability and leaving the only outstanding claim asserted by Socorro against Timberman. Timberman moved for summary judgment, contending that it was entitled to judgment as a matter of law since the claims were barred under NMSA 1978, Section 37-1-27. The trial court granted this motion. Socorro appeals from the dismissal of its complaint.

NMSA 1978, Section 37-1-27 in relevant part provides:

> No action to recover damages for any injury * * * arising out of the defective or unsafe condition of a *physical improvement to real property,* nor any action for contribution or indemnity for damages so sustained, against any per-

son performing or furnishing the construction or the design, planning, supervision, inspection or administration of construction of such improvement to real property * * * shall be brought after ten years from the date of substantial completion of such improvement; provided this limitation shall not apply to any action based on a contract warranty or guarantee which contains express terms inconsistent herewith. (Emphasis added.)

The legislative purpose in enacting Section 37–1–27 was to provide a measure of protection against claims arising years after the construction was substantially completed. *Howell v. Burk*, 90 N.M. 688, 693, 568 P.2d 214, 219 (Ct.App.1977), *cert. denied*, 91 N.M. 3, 569 P.2d 413 (1977). In *Howell*, the court noted the difficulty contractors and architects would have in defending claims made years after the construction project was completed. *Id.* at 694, 568 P.2d at 220. The statute was also a legislative response to avoid stale claims, since it is probable that most defects would be discovered within ten years of substantial completion. *Yarbro v. Hilton Hotels Corp.*, 655 P.2d 822, 826 (1982).

A similar statute has been broadly interpreted "to include all * * * planners and builders of structures, roads, playing fields or aught else that by broad definition can be deemed 'an improvement to real property.'" *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 198, 293 A.2d 662, 666 (1972). In *Terry v. New Mexico State Highway Commission*, 98 N.M. 119, 645 P.2d 1375 (1982), this Court decided that the limitation imposed by Section 37–1–27 on the liability of architects and contractors for injuries which are caused by negligent designs or constructions is not unconstitutional.

Given the purpose and policy considerations behind the statute, the New Mexico Court of Appeals in *Mora-San Miguel Electric Cooperative, Inc. v. Hicks & Ragland Consulting & Engineering Co.*, 93 N.M. 175, 598 P.2d 218 (Ct.App.1979), broadly defined what can be deemed a "physical improvement to real property." The court found electrical power lines to be a "physical improvement to real property" by applying a common sense interpretation. Improvement was defined as "the enhancement or augmentation of value or quality: a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Id.* at 177, 598 P.2d at 220. (quoting *Webster's Third New International Dictionary* 1138 (1976)).

Accordingly, these factors must be applied to the facts of this case to determine whether a "physical improvement to real property" is involved, thus barring the action under Section 37–1–27. In applying the definition of improvement, courts also consider whether the improvement adds to the value of the property for the purpose of its intended use. *See Van Den Hul v. Baltic Farmers Elevator Co.*, 716 F.2d 504, 508 (8th Cir.1983).

Socorro concedes that the gas lines were permanently affixed to the realty, but argues that Timberman failed to make a prima facie showing that the lines were essential to the use of the roadway and therefore they did not enhance the value of the property. Socorro maintains that the gas lines were a "necessary evil given the fact that their maintenance and repair requires excavation of the roadway." We fail, however, to see the relationship between the installation of the gas lines for the distribution of natural gas to customers in the city limits of Socorro, New Mexico, and the use of the roadway. In fact, in its reply brief, Socorro concedes that the gas lines are completely unrelated to the roadway. Although the installation of the new gas lines was not constructed on plaintiffs Delgadillos' property (lines were approximately twenty feet in front of the building on a public right-of-way), it is certain that the improvement to the gas distribution system was for the intended purpose of providing gas service to the plaintiffs' property and

all other customers in Socorro, New Mexico. This added to the value of the property and enhanced its use. A parcel of land that has service available is more valuable than a comparable parcel without such service. *Mora-San Miguel,* 93 N.M. at 177, 598 P.2d at 220.

Socorro attempts to distinguish *Mora-San Miguel* by stating that in that case the utility service (electrical) was installed on private property for the purpose of extending a new service. We find these distinctions superfluous. Whether an improvement is on public or private property is irrelevant. *Milligan v. Tibbetts Engineering Corp.,* 391 Mass. 364, 461 N.E.2d 808 (1984) (extension of a public road constituted an improvement to real property). Furthermore, whether there was a previously existing service is unimportant, so long as the additions improved the realty. *See Pinneo v. Stevens Pass, Inc.,* 14 Wash. App. 848, 545 P.2d 1207 (1976) (company replaced certain portions of an already existing ski lift); *Yakima Fruit and Cold Storage Co. v. Central Heating & Plumbing Co.,* 81 Wash.2d 528, 503 P.2d 108 (1972) (reinstallation of pipe, coils, hangers, and rods for the installation of a refrigeratory system); and *Rosenberg,* 61 N.J. 190, 293 A.2d 662 (the repavement of a road). Here, the installation of the gas lines was a permanent addition to real property, involving expenditure of labor and money, and making the property more useful and valuable.

Courts in other jurisdictions with similar statutes have held that underground gas pipes constitute a "physical improvement to real property." *See Washington Natural Gas Co. v. Tyee Construction Co.,* 26 Wash.App. 235, 611 P.2d 1378 (1980); and *Van Den Hul,* 716 F.2d 504. Socorro contends, however, that this improvement is viewed more as an extension of the utility distribution system than an improvement to real property. Socorro cites *Atlanta Gas Light Co. v. City of Atlanta,* 160 Ga.App. 396, 287 S.E.2d 229 (1981), *cert. denied* (1982), which holds that construction of an underground gas line by a utility company for the transmission of natural gas, where the ownership of the line continues in the company, is not such an improvement to real estate as was contemplated by the statute. That case is not controlling, and we find no logical basis for concluding that improvements to utility systems, such as new pipe lines, cannot constitute physical improvements to real property.

Here, the uncontroverted evidence indicates that in April 1969, Timberman entered into a contract with Socorro for the relocation of certain utility lines in conjunction with the interstate highway passing through Socorro, New Mexico. Some of the gas lines were replaced with new pipes and new compression couplings were used to connect the service lines to customer meters. The work was subsequently completed on or about October 31, 1969. There is no contention that Socorro's cause of action accrued within ten years after Timberman completed the work project. In such a case, therefore, the trial court was simply faced with a legal question of whether the facts fit the legislatively prescribed condition of being a "physical improvement to real property." We agree with the trial court on this issue; therefore, the judgment is affirmed.

IT IS SO ORDERED.

RIORDAN, C.J., and STOWERS, J., concur.