245 N.J. Super. 325 (1990)
585 A.2d 431
NANCY JOAN WASHINGTON AND, HARVEY ORDELL WASHINGTON, HER HUSBAND, PLAINTIFFS,
v.
THE CITY OF ELIZABETH, NEW JERSEY BELL TELEPHONE CO., THE ELIZABETHTOWN GAS CO., A FICTITIOUS NAME, ACTUAL IDENTITY PRESENTLY UNKNOWN, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
August 31, 1990.
*326 Robert C. Carroll for plaintiffs (Forman, Forman, Cardonsky, Andril & Ungvary, attorneys).
Leonard C. Leicht for defendant City of Elizabeth (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys).
John S. Fetten for defendant New Jersey Bell Telephone Company (Pollock, Montgomery & Chapin, attorneys).
Mary P. Keefe for defendant Elizabethtown Gas Company.
MENZA, J.S.C.
Defendant, New Jersey Bell Telephone Company, moves for summary judgment. The issue in this case is whether the installation or repair of an underground telephone line constitutes an improvement to real property, and thus entitled to the protection of the ten-year statute of limitations afforded by N.J.S.A. 2A:14-1.1.
Plaintiff was injured when she fell in a depressed roadway. She contends that defendants, including New Jersey Bell Telephone Company (Bell), are liable to her because they created *327 the depression in the road when they installed and/or maintained the underground utility lines.
Defendant Bell responds that it neither installed nor maintained underground conduits in the area in the ten-year period preceding the date of the accident. Therefore, Bell contends that plaintiff's claim against it is barred by virtue of N.J.S.A. 2A:14-1.1, which provides in pertinent part:
No action whether in contract, in tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property, or for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction.
There are no New Jersey cases which have addressed this precise issue. In fact, there is a sparsity of cases in New Jersey which deal generally with the question of what constitutes an improvement. See Wayne Tp. Bd. v. Strand Century, Inc., 172 N.J. Super. 296, 411 A.2d 1161 (App.Div. 1980), (dimmer panel an improvement); Hall v. Luby Corp., 232 N.J. Super. 337, 556 A.2d 1317 (Law Div. 1989), (elevator an improvement); Kozikowski v. Delaware River Port Authority, D.C., 397 F. Supp. 1115 (D.N.J. 1975) (bridge is an improvement). There are, however, numerous cases in other jurisdictions, and although none of them deal with the precise issue presented in this case, they are nevertheless helpful in the analysis of this matter.
In the case of Montaup Elec. Co. v. Ohio Brass Corp., 561 F. Supp. 740 (D.R.I. 1983), the court held that an improvement to real property includes a change in the topography of the land because the construction of electrical transmission lines changed the topography of the land. The court held that the change constituted an improvement to real property. In MoraSan Miguel Elec. Coop. v. Hicks & Ragland, Etc., 93 N.M. 175, 598 P.2d 218 (N.M.App. 1970), the court held that the installation *328 of power lines was an improvement to real property because: "... a given parcel of land which has electrical service available is more valuable than a comparable parcel without such service. The installation of the power line was a physical improvement which came within the intent and design of [the statute]." Id. 598 P.2d at 220.
In Van Den Hul v. Baltic Farmers Elevator Co., 716 F.2d 504 (8 Cir.1983), the court held that an underground gas pipe was an improvement because it involved the expenditure of labor and was permanent in nature. In Allentown v. Suburban Propane Gas Corp., 43 Md. App. 337, 405 A.2d 326 (Md. Sup.Ct. 1979), the Maryland Supreme Court held that gas meters and their couplings did not constitute an improvement because among other reasons, they were installed only to measure the tenants use and did not, therefore, enhance the value of the property. Similarly, in Atlanta Gas & Light Co. v. City of Atlanta, 160 Ga. App. 396, 287 S.E.2d 229 (Ga. App. 1982), the court held that an underground gas line was not an improvement. The court said that a gas line was "... more appropriately considered an extension of the utility's distribution system than an improvement to property owned by the plaintiff." Id. 287 S.E.2d at 233. See also Calumet Country Club v. Roberts Env. Control, 136 Ill. App.3d 610, 91 Ill.Dec. 267, 483 N.E.2d 613 (Ill. App. 1 Dist. 1985) (pipe connection from water main to building not an improvement); Turner v. Marable-Pirkle, Inc., 238 Ga. 517, 233 S.E.2d 773 (Ga. 1977) (power pole an improvement); Mullis v. Southern Co. Services, Inc., 250 Ga. 90, 296 S.E.2d 579 (Ga. 1982) (circuit breaker component of a power plant an improvement); Continental Ins. Co. v. Walsh Const. Co., 171 Ill. App.3d 135, 121 Ill.Dec. 83, 87, 524 N.E.2d 1131, 1135 (Ill. App. 1 Dist. 1988) ("... the creation of a sophisticated sewer distribution system constitutes an improvement to real property."); Smith v. Westinghouse Elec. Corp., 732 P.2d 466 (Okla. 1987) (electrical transformer an improvement); Con. Edison Co. v. Walsh Const. Co., 177 Ill. App.3d *329 373, 126 Ill.Dec. 661, 532 N.E.2d 346 (Ill. App. 1 Dist. 1988) (underground sewer system an improvement).
All of these cases were decided by reference to dictionary definitions of the word "improvement," (an enhancement of the value of the property); or on the court's perception of the legislative intent (none of the cases discussed expressed legislative intent), or on a vague rationale characterized as "a common sense approach." This court, possessing no special sagacity regarding the subject, utilizes the same analysis.
Black's Law Dictionary (5 ed. 1983) defines the word "improvement," as:
a valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes. [Id. at 386]
Defendant in this case argues that the installation and maintenance of an underground telephone is an improvement. He does not, however, state exactly just what has been improved. Was it the street that was improved? Undoubtedly, the construction of a street is an improvement. Richards v. Union Building & Construction, 130 N.J. Super. 127, 325 A.2d 831 (App.Div. 1974). But this telephone line does not improve the street. If anything, construction and maintenance of conduit repairs requires an intrusion and thus, a destruction of the street.
Is the installation and maintenance of the telephone line an improvement to defendant's telephone system? One could argue, I suppose, that such an installation enhances the utility of the system and the court in the Montaup case did, in fact, reach this conclusion. But I disagree, and conclude that the installation of a telephone line is, as in the case of Atlanta Gas, "more appropriately considered an extension of the utility distribution system than an improvement to property." 287 S.E.2d at 233.
With regard to legislative history, the Supreme Court, in Rosenberg v. Town of North Bergen, 61 N.J. 190, 194, 293 A.2d *330 662 (1972), stated that the legislative history of the statute was "meager and unrevealing." In fact, it is non-existent. I must therefore rely on my own perception of what I believe was the legislative intent behind the statute. Recognizing that the Supreme Court in Rosenberg, specifically stated that the statute was to be given a broad interpretation, but keeping in mind that the primary purpose of the statute was to provide protection to builders, architects, contractors and the like, regarding the construction of buildings, it is my opinion (admittedly only an opinion, although hopefully a reasoned one) that the statute was not intended to include underground telephone lines.
Lastly, the "common sense approach," which although at first blush might appear to be the proverbial "pounding the table," is, in my opinion, a legitimate approach to the problem. Simply stated, common sense dictates that an underground utility line is not an improvement to anything. It is a conduit and thus a method of transmission of electricity, water, gas and voice. To characterize an underground telephone line as an improvement would, in effect, mandate a finding that utility lines, whatever their nature and wherever they may be located, constitute improvements to real property.
This, in my opinion, violates common sense. It is, therefore, this court's opinion that neither the installation nor the maintenance of an underground telephone line constitutes an improvement to real property. The ten-year limitation of the statute is thus not available to defendant, New Jersey Bell Telephone Company.
Motion denied.