704 A.2d 579

JOHN J. EBERT AND FRANCES A. EBERT, HIS WIFE, AND FRANCES ANNA EBERT, THEIR DAUGHTER, PLAINTIFFS, v. SOUTH JERSEY GAS COMPANY, A PUBLIC UTILITY AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT/THIRD-PARTY PLAINTIFF-RESPONDENT.

R & T CASTELLINI COMPANY, DEFENDANT, v. J.F. KIELY CONSTRUCTION COMPANY, THIRD-PARTY DEFENDANT/APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 12, 1997—Decided January 9, 1998.

128

Before Judges PRESSLER, CONLEY and CARCHMAN.

*Cooper Perskie April Niedelman Wagenheim & Levenson,* attorneys for appellant (*Gerard W. Quinn,* on the brief).

*Savio, Reynolds & Drake,* attorneys for respondent (*James P. Savio,* on the brief).

The opinion of the court was delivered by

CARCHMAN, J.S.C. (temporarily assigned).

This appeal requires us to decide whether a ninety-foot underground natural gas service line or "lateral" leading from a main gas line located in a public street to a private residence is "an improvement to real property." By deciding this question in the affirmative, we conclude that it is, and, therefore, the installer of the lateral is protected by the ten-year statute of repose, *N.J.S.A.* 2A:14–1.1 (the Statute). Thus, this action against the installer of the gas line for contribution and indemnification is barred.

These are the facts. Plaintiffs John J. Ebert and Frances A. Ebert were the owners of a residence located on Bartram Lane in Ocean City. In 1955, third-party defendant J.F. Kiely Construction Company (Kiely) was retained by defendant South Jersey Gas Company (South Jersey) to install lateral lines to residences along Bartram Lane from South Jersey's main gas line which ran down the center of the street. After installation of these lines, Kiely performed no other work in connection with these lines.

In 1989, South Jersey replaced the laterals and contracted with defendant R & T Castellini Company to perform the work. In addition to installing new laterals, Castellini closed out the existing laterals which had been installed by Kiely. Unfortunately, Castellini improperly capped off the old laterals leaving the laterals "charged" with natural gas.

On March 7, 1990, Mrs. Ebert opened her front door and smelled gas. A short time later, she heard a "loud bang" and saw a "big, bright light." This explosion and fire caused extensive damage to the Ebert's residence.

Plaintiffs, joined by their daughter Frances Anna Ebert, brought an action for damages for personal injury and property damage, naming South Jersey and Castellini as defendants. South Jersey joined Kiely as a third-party defendant seeking contribution as a joint tortfeasor and common-law indemnification. Kiely moved for summary judgment asserting that South Jersey's claims were barred by the Statute. The trial judge denied the motion relying primarily on the Law Division's decision in *Washington v. City of Elizabeth*, 245 *N.J.Super.* 325, 585 *A.*2d 431 (Law Div.1990).

Following the denial of the motion, dismissal of Castellini as a defendant and South Jersey's settlement with plaintiffs, the matter proceeded to a jury trial limited to the third-party claims. The jury returned a verdict on liability holding both South Jersey and Kiely to be 50% liable. Thereafter, on South Jersey's motion, the trial judge entered judgment against Kiely in the amount of

$76,799.51 representing one-half of South Jersey's settlement with plaintiffs.

Although Kiely asserts a number of trial errors, we need only decide the issue regarding the applicability of the Statute, as that issue is dispositive of any claims or causes of action against Kiely.

Kiely relies on the Statute which provides:

No action whether in contract, or tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property, or any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction....

[*N.J.S.A.* 2A:14–1.1]

While we have not addressed the Statute in the context of a gas lateral, our decisional law interpreting the Statute provides guidance as to its applicability to the facts before us.

The purpose of the Statute is to limit the liability of a special class of persons engaged in creating improvements to real estate, i.e., architects, engineers, and building contractors, *Russo Farms, Inc. v. Vineland Bd. of Educ.,* 144 *N.J.* 84, 116, 675 *A.*2d 1077 (1996); *Horosz v. Alps Estates, Inc.,* 136 *N.J.* 124, 128–29, 642 *A.*2d 384 (1994); *see also E.A. Williams v. Russo Development Corp.,* 82 *N.J.* 160, 164–65, 411 *A.*2d 697 (1980), and is to be interpreted broadly, *Rosenberg v. Town of North Bergen,* 61 *N.J.* 190, 198, 293 *A.*2d 662 (1972). The statute must be read "consonant with what we thus judge to have been the legislative intent, as applying to all who can, by a sensible reading of the words of the act, be brought within its ambit." *Brown v. Jersey Central Power and Light Co.,* 163 *N.J.Super.* 179, 193, 394 *A.*2d 397 (App.Div.1978), *certif. denied,* 79 *N.J.* 489, 401 *A.*2d 244 (1979).

Various applications of the statute demonstrate its wide scope. *See e.g. Lewis v. Hopewell Valley Racquet Club,* 269 *N.J.Super.* 71, 634 *A.*2d 568 (App.Div.1993) (diving blocks bolted

to a pool deck held to be improvements to real property); *Morris v. Clinton Tp.*, 225 *N.J.Super.* 58, 541 *A.*2d 1070 (App.Div.1988) (guardrail and roadway held subject to statute); *Wayne Tp. Bd. of Educ. v. Strand Century, Inc.*, 172 *N.J.Super.* 296, 411 *A.*2d 1161 (App.Div.1980) (a dimmer panel installed in an auditorium held to be an improvement to real property); *Brown v. Jersey Central Power and Light Co.*, *supra*, (a transfer switch assembly which was a free standing metal cabinet for transferring to an alternative electrical source to the property held to be an improvement to real property); *Hall v. Luby Corp.*, 232 *N.J.Super.* 337, 556 *A.*2d 1317 (Law Div.1989) (elevator held to be an improvement to real property). But see *Rolnick v. Gilson & Sons, Inc.*, 260 *N.J.Super.* 564, 617 *A.*2d 288 (App.Div.1992), where we held that an attic fan was not an improvement to real property since it was nothing more than a mass-produced, mass-marketed appliance as opposed to "an integral component of a basic system designed and installed by the contractor, that is, the heating, plumbing, electrical or air conditioning systems." *Id.* at 568, 617 *A.*2d 288. As we noted in *Brown*, the test of applicability considers functions "which are required for the structure to actually function as intended." *Brown v. Jersey Central Power & Light Co.*, *supra*, 163 *N.J.Super.* at 195, 394 *A.*2d 397.

 While no New Jersey case has addressed the applicability of the statute to a gas pipeline, the issue has been specifically addressed in other jurisdictions. In *Delgadillo v. City of Socorro*, 104 *N.M.* 476, 723 *P.*2d 245 (1986), the New Mexico Supreme Court interpreting New Mexico's statute of repose, which is similar to ours, determined that an underground gas pipeline connection to a house from the main line constituted an "improvement to real property." In reaching its conclusion, the court recognized that "the installation of the gas lines was a permanent addition to the real property, involving expenditure of labor and money, and making the property more useful and valuable." *Id.* 723 *P.*2d at 248. *See also Van Den Hul v. Baltic Farmers Elevator Co.*, 716 *F.*2d 504, 508 (8th Cir.1983) (gas pipe line was an

improvement to real property under South Dakota's statute of repose utilizing a common sense interpretation which considers whether the improvement enhances the use of the property, involves the expenditure of labor or money, is more than mere replacement or repair, adds to the value of the property and is permanent in nature); *accord Washington Natural Gas Co. v. Tyee Constr. Co.,* 26 *Wash.App.* 235, 611 *P.*2d 1378, 1381 (1980).

As did the Supreme Court of New Mexico, we reject the contrary view of the Georgia Court of Appeals which concludes that a gas pipeline is nothing more that "an extension of the utility's distribution system" rather than an improvement to real property. *Atlanta Gas Light Co. v. City of Atlanta,* 160 *Ga.App.* 396, 287 *S.E.*2d 229, 232 (1981). Presumably the same reasoning would apply to internal electrical wiring which simply distributes the electrical utility's electrical service, internal telephone wiring which distributes the telephone company's phone service or any other utility which provides a service to a residence or business. All of these are "extensions of the utilities distribution system" and at the same time an improvement to real property warranting protection under the Statute. We consider the *Atlanta Gas* decision to be incompatible with the expansive approach mandated by our Supreme Court. *See Newark Beth Israel Med. Center v. Gruzen,* 124 *N.J.* 357, 366, 590 *A.*2d 1171 (1991).

*Washington v. City of Elizabeth,* 245 *N.J.Super.* 325, 330, 585 *A.*2d 431 (Law Div.1990), on which the trial judge relied adopted the reasoning of *Atlanta Gas,* with which we disagree. The Law Division judge determined that an underground telephone cable provided no improvement to the *street* or real property and thus rejected the application of the statute. We fail to see the distinction between an improvement to a street or a residential property. Accordingly, we overrule *Washington v. City of Elizabeth, supra.*

Here, the lateral gas line provided a necessary utility to the Ebert's residence without which the property could not function as a viable residential structure. All of the elements considered

relevant by decisional law are present here, that is, functional utility, permanency and value enhancement.

Because the gas line or "lateral" was an improvement under the Statute, the trial judge erred in denying Kiely's motion for summary judgment.

Accordingly, we reverse and remand for the entry of judgment dismissing the third-party complaint as against Kiely.