723 A.2d 599

JOHN J. EBERT AND FRANCES A. EBERT, HIS WIFE, AND FRANCES ANNA EBERT, THEIR DAUGHTER, PLAINTIFFS, v. SOUTH JERSEY GAS COMPANY, A PUBLIC UTILITY AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT AND THIRD PARTY PLAINTIFF–APPELLANT, AND R & T CASTELLINI COMPANY, DEFENDANT, v. J.F. KIELY CONSTRUCTION COMPANY, THIRD PARTY DEFENDANT-RESPONDENT.

Argued October 26, 1998—Decided February 9, 1999.

*James P. Savio* argued the cause for appellant (*Savio, Reynolds & Drake*, attorneys).

*Gerard W. Quinn* argued the cause for respondent (*Cooper Perskie April Niedelman Wagenheim & Levenson*, attorneys).

The opinion of the Court was delivered by

POLLOCK, J.

At issue is whether a service line leading from a gas main on residential property is an improvement within the meaning of

*N.J.S.A.* 2A:14–1.1, which provides that no action shall be brought against a contractor more than ten years after the construction of an improvement to real property. The Appellate Division held that a gas service constituted such an improvement. 307 *N.J.Super.* 127, 704 *A.*2d 579 (1998). We granted the petition for certification of South Jersey Gas Company (South Jersey), the successor of New Jersey Natural Gas Company (NJNG), 153 *N.J.* 216, 708 *A.*2d 67 (1998), and now affirm.

\*      \*      \*

In 1955, NJNG contracted with the J.F. Kiely Construction Company (Kiely) to install service lines, or laterals, from NJNG's gas main on Bartram Street in Ocean City to adjacent homes. Thirty-four years later, South Jersey contracted with R & T Castellini Company (R & T) to install new service lines. When R & T installed the new service line in 1989, it capped the old one. At the Ebert house, R & T capped the old line at the meter behind the house, rather than at the main. On March 7, 1990, the old line burst. Gas leaked into the Ebert house, exploded, and damaged a living room wall.

In 1992, the Eberts and their home insurer, Prudential, (jointly, the Eberts), sued South Jersey, which impleaded Kiely. South Jersey settled with the Eberts but preserved its claim against Kiely.

In December 1994, Kiely moved for summary judgment, arguing that *N.J.S.A.* 2A:14–1.1 barred South Jersey's claim. The Law Division denied the motion, holding that a service line is a conduit, not an "improvement" within the meaning of the statute. The Appellate Division reversed, finding that a gas service line, which demonstrated the characteristics of "functional utility, permanency and value enhancement," 307 *N.J.Super.* at 134, 704 *A.*2d 579, was an "improvement."

*N.J.S.A.* 2A:14–1.1(a) states in relevant part:

No action whether in contract, in tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property, or for any injury to property, real or personal, or for an injury to the

person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction.

As distinguished from a statute of limitation, which bars a cause of action if not instituted within a specified period of time, *N.J.S.A.* 2A:14–1.1 is a statute of repose. As a statute of repose, "[i]t does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising." *Rosenberg v. North Bergen*, 61 *N.J.* 190, 199, 293 *A.*2d 662 (1972). The purpose of the statute "was to limit the expanding liability of contractors, builders, planners, and designers." *Horosz v. Alps Estates, Inc.*, 136 *N.J.* 124, 128, 642 *A.*2d 384 (1994). Its effect in this case is that if the gas line was an improvement to the Ebert property when installed, South Jersey's claim against Kiely is barred.

In *Rosenberg, supra,* a pedestrian tripped in the cracked pavement of a public street. Ruling that paving a public street constituted an improvement to real property, this Court concluded that the expiration of the period of repose barred the pedestrian's action against the paving company. The Court perceived the statute as a legitimate legislative reaction to judicial decisions expanding the period of liability under certain statutes of limitations. One such expansion, known as the discovery rule, "decrees that in appropriate cases a statute of limitations shall not be deemed to run until a wrong has been discovered or should have been discovered." *Id.* at 197, 293 *A.*2d 662. The other rule created an exception to the "completed and accepted" rule, under which a contractor's liability ended with the acceptance of completed work. The exception extended the contractor's liability for defective material, equipment, and workmanship. According to the *Rosenberg* Court, in *N.J.S.A.* 2A:14–1.1 the Legislature intended to overcome the effect of both the discovery rule and the exception to the "completed and accepted" rule. *Id.* at 198, 293 *A.*2d 662.

When denying Kiely's motion for summary judgment in the present case, the trial court relied on *Washington v. City of Elizabeth*, 245 *N.J.Super.* 325, 585 *A.*2d 431 (Law Div.1990). In *Washington*, a pedestrian fell into a pothole created when New Jersey Bell Telephone Company excavated the street to install underground telephone lines. The telephone company moved for summary judgment, arguing that the excavation occurred beyond the ten-year period of limitation of *N.J.S.A.* 2A:14–1.1. In denying the company's motion, the Law Division reasoned that an underground telephone line is a mere "conduit," but not an improvement. Observing that telephone services are delivered to the adjacent houses, not to the street, the court concluded that the underground lines did not constitute an improvement to the street.

The *Washington* opinion is both distinguishable and flawed. To the extent that the opinion holds that *N.J.S.A.* 2A:14–1.1 does not apply to a street, the holding is distinguishable from the present case, which involves a gas service line on private property. A telephone line in the bed of a municipal street may not improve the value of the street, but does improve the value of adjacent property. Similarly, a gas main in a street adds value to adjacent properties. The flaw in the *Washington* opinion is the failure to recognize that an underground utility line can be both an extension of a utility distribution system and an improvement to the property it serves. To the extent that *Washington* holds otherwise, we overrule it.

In general, an improvement to real property permanently increases the property's value. 21 *Am.Jur.*2d, *Improvements*, § 1 (1968); *Black's Law Dictionary* (4th ed.1968). Among the relevant factors are "whether the modification or addition enhances the use of the property, involves the expenditure of labor or money, is more than mere repair or replacement, adds to the value of the property, and is permanent in nature." *Van Den Hul v. Baltic Farmers Elevator Co.*, 716 *F.*2d 504, 508 (8th Cir.1983). Simply stated, a house with a source of energy for heat and air conditioning is worth more than one without such a source. A gas

line, although it serves as a conduit, also is a valuable improvement. The availability of another form of energy, as valuable as it may be, does not prevent a gas line from being an improvement.

As this Court has recognized, the Legislature intended that *N.J.S.A.* 2A:14-1.1 should apply "to all who can, by a sensible reading of the words of the act, be brought within its ambit." *Rosenberg, supra,* 61 *N.J.* at 198, 293 *A.*2d 662. As a permanent improvement to a home, a gas line constitutes an improvement within the meaning of the statute.

Our analysis comports with that of other jurisdictions. *See Van Den Hul, supra,* 716 *F.*2d at 508 (holding that utility line improves real property); *Delgadillo v. City of Socorro,* 104 *N.M.* 476, 723 *P.*2d 245, 248 (N.M.1986) (same); *Washington Natural Gas Co. v. Tyee Constr. Co.,* 26 *Wash.App.* 235, 611 *P.*2d 1378, 1381 (Wash. Ct.App.1980) (same). *But see Atlanta Gas Light Co. v. City of Atlanta,* 160 *Ga.App.* 396, 287 *S.E.*2d 229, 232 (Ga.Ct.App.1981) (holding that gas line is not improvement).

We conclude that the service line installed by Kiely was an improvement to the Ebert home. *N.J.S.A.* 2A:14-1.1 thus bars South Jersey's claim against Kiely.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN, and COLEMAN—7.

*Opposed*—None.