# CIRCUIT COURT OF FAIRFAX COUNTY

Travelers Indemnity Co.

v.

Simpson Unlimited, Inc.

January 12, 2010

Case No. CL 2009-4013

BY JUDGE RANDY I. BELLOWS

This case presents the following matter of first impression: Under Virginia Code § 8.01-250 (the statute of repose), does a building repair project constitute an "improvement" such that the "cutoff provisions" of the statute would apply? For the reasons stated below, the Court concludes that a repair project is not an "improvement" and the statute of repose does not apply.

## I. Background

On December 4, 2009, this Court heard oral argument on the Plea in Bar filed by Defendant, Simpson Unlimited, Inc. At the conclusion of the hearing, the Court informed the parties that it would take the matter under advisement. After reviewing the parties' supplemental briefs and in light of the oral arguments made, the Court is now prepared to rule.

## II. Facts

Simpson Unlimited, Inc. ("Simpson") entered into a contract with the subrogor of Plaintiff, Three Flint Hill Partnership, R.L.L.P. The contract designated Simpson to act as an independent contractor on a building construction project. The terms of the contract required Simpson

to replace soffits on the terraces of the building and to perform other maintenance work. Simpson submitted its application certificate for final payment on the job on December 4, 2002, and was paid for its work on December 16, 2002.

On December 20, 2004, there was a water leak on the eighth floor of the building on which Simpson had worked. The leak caused damage to areas of the building that were occupied by tenants. On March 18, 2009, Plaintiff filed suit, claiming the water leak was related to work negligently performed by Simpson under the July 2002 contract.

While not material to this plea, Plaintiff and Defendant also entered into a second contract in 2003, which also involved soffit replacement. Plaintiff's causes of action, however, are not based on a breach this second contract.

The contract between the parties describes the work done by Simpson to the subject property. It states that "[t]he work you are being asked to submit for involves repair/replacement of various exterior building components and cleaning of other building surfaces. In general, the work phases will include, but not necessarily be limited to, the following items ... remove and replace terrace soffits at the eighth floor level."

## III. Analysis

### A. Legal Standard

"A plea in bar is a responsive pleading that reduces the litigation to a single issue, which if proven, creates a bar to the plaintiffs right of recovery." *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000) (quoting *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562, 422 S.E.2d 757, 758 (1992)). The party asserting the plea in bar bears the burden of proof. *Id.* When considering the pleadings, "the facts stated in the plaintiffs' motion for judgment [are] deemed true." *Glascock v. Laserna*, 247 Va. 108, 109, 439 S.E.2d 380, 380 (1994).

In this case, Defendant's Plea in Bar seeks dismissal of the cause of action based on the argument that, while the statute of limitations, which runs from the accrual of the cause of action, might not require dismissal, the five year statute of repose, which runs from the completion of the building project in 2002 or 2003, does apply and would require dismissal of the cause of action.

18

## B. *Findings*

At the argument on Defendant's Plea in Bar, the parties agreed that the issue before the Court is whether or not "repairs and maintenance" are included within the definition of the word "improvement" as contained in Va. Code § 8.01-250. This section states, in pertinent part, that:

> No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance or furnishing of such services and construction. . . .

This section is not a statute of limitations, but a statute of repose, which operates as a "cutoff provision" to define the maximum period within which an action may be brought, regardless of the applicable statute of limitations. *See Commonwealth v. Owens-Corning Fiberglas Corp.*, 238 Va. 595, 385 S.E.2d 865 (1989); *Lavery v. Automation Mgmt. Consultants, Inc.*, 234 Va. 145, 360 S.E.2d 336 (1987).

Defendant argues that the soffit replacement enhanced the value of the building and thus that it constitutes an improvement under the statute of repose. On the other hand, Plaintiff argues that the soffit replacement is akin to a repair and does not constitute an improvement under the statute of repose.

When interpreting statutes, courts "ascertain and give effect to the intention of the legislature." *Chase v. DaimlerChrysler Corp.*, 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003). That intent is usually apparent from the words used in the statute. *Id.* Accordingly, "courts apply the plain language of a statute unless the terms are ambiguous, or applying the plain language would lead to an absurd result." *Boynton v. Kilgore*, 271 Va. 220, 227, 623 S.E.2d 922, 925-26 (2006).

As an initial source of guidance, *Ballentine's Law Dictionary* defines a "repair" as "[t]he act of restoration to a sound, good, or complete state after decay, injury, dilapidation, or partial destruction." It defines an "improvement" as "[a] change for the better. Anything that enhances the

value of real property permanently for general uses, including buildings, fixtures, fences, wells, orchards, etc, including additions to existing buildings. Original construction or substantial reconstruction as distinguished from repair." *Id.*

Defendant uses *Black's Law Dictionary* ("*Black's*") to define the term "improvement" in its brief as "[a]n addition to real property, whether permanent or not; esp., one that increases its value or utility or that enhances its appearance." *Black's Law Dictionary* (8th ed. 2004) (*Black's* does not define the term "repair." *Black's Law Dictionary* (8th ed. 2004)). Defendant places significance on the fact that, prior to 1999, the definition of "improvement" in *Black's* explicitly excluded repairs and replacement. Thus, the 6th edition defined improvement as "a valuable addition made to property (usually real estate) or an amelioration in its condition, *amounting to more than mere repairs or replacement*, costing labor or capital, and intended to enhance its value, beauty, or utility. . . ." *Black's Law Dictionary* (6th ed. 1990) (emphasis added). The Court does not find this change significant.

While the Virginia Supreme Court has defined the term "improvement," it was in a different context and did not address the issue now before this Court. In *Effinger's Ex'x v. Kenney*, the Supreme Court of Virginia defined "improvement" as a change that has added to the value of the property. 92 Va. 245, 250, 23 S.E. 742, 743 (1895).

This Court turns to other jurisdictions which have addressed this issue for further guidance. In *Ebert v. South Jersey Gas Co.*, the Supreme Court of New Jersey reviewed the definition of an improvement within the meaning of their statute of repose. 157 N.J. 135, 723 A.2d 599 (1999); *see* N.J. Stat. Ann. § 2A:14.1-1 (2009). Although N.J.S.A. § 2A:14-1.1 is not identical to Va. Code § 8.01-250, it contains similar language and serves the same purpose as Virginia's statute of repose. The court held that "[a]mong the relevant factors [in deciding whether or not something is an improvement under the statute] are whether the modification or addition enhances the use of the property, involves the expenditure of labor or money, is more than mere repair or replacement, adds to the value of the property, and is permanent in nature." *Ebert*, 157 N.J. 135 at 139, 723 A.2d 599; *see also Pippin v. Reilly*, 64 Fed. Appx. 382, 387 (4th Cir. 2003).

In *Biniek v. Exxon Mobil Corp.*, the New Jersey Superior Court illustrated the holding in *Ebert* when it found that the replacement of gasoline tanks at a service station was not an improvement contemplated by the New Jersey statute of repose. 358 N.J. Super. 587, 818 A.2d 330

(2002). The court reasoned that the removal and replacement of the existing tanks were a "mere replacement" as contemplated by *Ebert. Id.* at 597. The Court explained that such replacement was part of the normal upkeep and maintenance of a gasoline station. *Id.* The court further noted that the replacements were neither a modification nor an addition, but that they simply permitted the continuation of a pre-existing use of the subject property. *Id.*

Under this same analysis, the removal and replacement of soffits performed by Simpson was a "mere replacement" that permitted the continuation of the pre-existing use of the property. Simpson was hired to make necessary replacements of goods that had reached the endpoint of their useful life span. The work Simpson performed was therefore part of the normal upkeep and maintenance of the building. It was not a modification or an addition, and thus not an improvement under Va. Code. § 8.01-250. Therefore, the protection afforded by the statute of repose does not apply in the present case, and Plaintiff's cause of action withstands Defendant's challenge.

In accordance with this letter opinion, an Order denying the Plea in Bar shall issue today.