**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5576-17T3
                        A-5579-17T3
                        A-5581-17T3

RANDAL ALLEN and GINA ALLEN,
MICHAEL ANELLO and KRYSTAL
ANELLO, ROBERT ANICIC and
GRETCHEN ANICIC, MATTHEW
ARREDONDO and MARIA ARREDONDO,
NARESH ARULAMPALAM and
MELANTHI ARULAMPALAM, MEREDITH
BARNES and NATHAN BARNES,
STEPHEN BARONE and DONNA BARONE,
KIM CIFONE and MARK CIFONE, JULIUS
COLINA and JENNY COLINA, PATRICK
CLUNE and JENNIFER CLUNE, WILLIAM
CRAIG and STACEY CRAIG, CHERIE
DAVIS and KEVIN DAVIS, JOHN
DISTEFANO and SHERRI DISTEFANO,
BRIAN DOUGHERTY and JOSIE
DOUGHERTY, ERIC HALLMAN and
DAWN HALLMAN, LAUREN HARFST,
KATIE HOMOLA and JASON HOMOLA,
ROBERT HOSSLER and VALERIE
HOSSLER, STEPHEN M. JENKINS and
ANNA L. JENKINS, MICHAEL KISSEL
and PATRICIA KISSEL, JOSEPH LOFTIS,
MICHAEL MCCABE and LYNNE MCCABE,
AJIT K. NAIR and MAYA NAIR, ROBERT
SCIARROTTA and JEANNA SCIARROTTA,
JAMES WILKES and LAUREN WILKES,

RICHARD YOUNG and CHERIE YOUNG,
CRAIG SCHINDEWOLF and
ROSEMARIE SCHINDEWOLF,

     Plaintiffs-Appellants,

v.

BEAZER HOMES CORPORATION,
d/b/a BEAZER HOMES GROUP,

     Defendant-Respondent.

_____

MICHAEL CAPRIOTTI and AMY CAPRIOTTI,
MARK CONNOLLY and TRACY CONNOLLY,
JEFFREY HAYES, ELLIOTT HUDAK and
ARLENE HUDAK, MARY KELLEY and
ROBERT KELLEY, KIM MCNALLY and
RYAN MCNALLY, MICHAEL PECORILLI
and GINA PECORILLI, MARY KATE
RACOBALDO and SALVATORE RACOBALDO,
CHRIS REUTER and BRIDGET REUTER,
LESLEY RHOADES, BILL STRINGER and
CHERYL STRINGER, ROBERT SULLIVAN and
JODI SULLIVAN, LEILA TAGLIERI and
PAUL STENNIE, JAMES D. VAITES and
THERESA VAITES, CINDY VOLKMANN
and RON VOLKMANN, GEORGE WANG
and KATHY WU, NORA ZACIERKA and
MICHAEL ZACIERKA, ROBERT THOMPSON
and MARY CHRIS THOMPSON, SEAN
SWEENEY and JILL SWEENEY, KATHY
KOENIG-LEE, DAN MARZANO and SHERRY
MARZANO,

     Plaintiffs-Appellants,

2

v.

BEAZER HOMES CORPORATION,
d/b/a BEAZER HOMES GROUP,

      Defendant-Respondent.

_____

MICHAEL COCOZZA and BROOK
COCOZZA, KIM NEGRO and ANTHONY
NEGRO, LORI PASSEHL and GEOFFREY
PASSEHL, SANJAY PATEL and KRISTI
PATEL, KURT RIEPEN and TRACY
RIEPEN, BRIAN RIGGS and JENNIFER
RIGGS, KEITH TARTAGLIONE and
LYNDSEY TARTAGLIONE, and BYRON
WELLS and KIMBERLY WELLS,

      Plaintiffs-Appellants,

v.

BEAZER HOMES CORPORATION,
d/b/a BEAZER HOMES GROUP,

      Defendant-Respondent.

_____

        Submitted September 10, 2019 – Decided September 24, 2019

        Before Judges Fisher, Gilson and Rose.

        On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket Nos. L-0057-16, L-005-16 and L-0012-16.

        Salmon Ricchezza Singer & Turchi LLP, and MoreMarrone LLC, attorneys for appellants (Joseph L.

Turchi and Michele L. Weckerly, of counsel; Thomas M. Marrone, on the brief).

Archer & Greiner PC, attorneys for respondent (William Leo Ryan and Benjamin D. Morgan, on the brief).

PER CURIAM

Plaintiffs in these three consolidated actions bought homes in Gloucester County that were constructed and sold to them by defendant Beazer Homes Corporation. Their three complaints allege a single cause of action, which asserts that Beazer violated the Consumer Fraud Act, N.J.S.A. 56:8-1 to -210, by concealing information about the homes' septic systems. Some plaintiffs voluntarily dismissed their claims. The claims of another group of plaintiffs were dismissed through application of the statute of repose, N.J.S.A. 2A:14-1.1. And the claims of the remaining plaintiffs were dismissed by way of summary judgment; the motion judge concluded these plaintiffs failed to show that Beazer committed an unlawful business practice or that they suffered an ascertainable loss. We find no error in the disposition of these claims and affirm.

Factually, plaintiffs alleged that Beazer never disclosed it had installed infiltrator systems, which had only been in use in the industry for twenty years, instead of stone and pipe systems, which allegedly can be expected to last a minimum of twenty-five years and up to fifty or more years. In their complaints,

plaintiffs contended that because of the considerable expense of replacing a septic system, the failure to disclose the type of septic system installed was material to their decision to purchase.

Plaintiffs' three complaints were filed on December 24, 2015. The parties stipulated the homes of forty-seven plaintiffs were completed more than ten years before the suits were filed, so Beazer argued these claims were barred by the statute of repose, which prohibits the commencement of an action based on a "deficiency in the design . . . or construction of an improvement to real property . . . against any person performing or furnishing the design . . . or construction of such improvement to real property . . . more than 10 years after the performance or furnishing of such services and construction." N.J.S.A. 2A:14-1.1. Plaintiffs contend the motion judge misconstrued or misapplied this statute. We disagree and affirm the order granting Beazer's motion for summary judgment as to forty-seven plaintiffs on this ground substantially for the reasons set forth by Judge Richard J. Geiger in his thorough and well-reasoned written decision. We add just a few comments.

Even though plaintiffs alleged only a CFA violation – thereby focusing on what they claim was an unlawful sales practice rather than on a faulty design or construction defect – the statute of repose still applies because it is the design

and installation of what plaintiffs allege is a less than desirable septic system that lies at the heart of their claims. In enacting the statute of repose, the Legislature sought to "limit" what it found to be an undesirable course the law had taken in applying the discovery rule, abandoning the completed-and-accepted rule, and otherwise expanding the liability of contractors, builders, planners and designers. Horosz v. Alps Estates, Inc., 136 N.J. 124, 128 (1994); see also Ebert v. So. Jersey Gas Co., 157 N.J. 135, 138 (1999). In examining the legislative intent, the Supreme Court determined that the statute of repose should apply broadly. Horosz, 136 N.J. at 129; Newark Beth Israel Med. Ctr. v. Gruzen & Partners, 124 N.J. 357, 363 (1991). We are satisfied this broad scope should also envelope a CFA action that emanates from the design or construction of the item sold in the challenged transaction. Indeed, the very language of the statute of repose supports a broad application regardless of how a plaintiff couches the cause of action because the Legislature declared that "[n]o action, whether in contract, in tort, or otherwise" may be brought regarding such an alleged defect more than ten years after the completion of construction. N.J.S.A. 2A:14-1.1 (emphasis added). In applying these principles, Judge Geiger correctly dismissed the claims of those plaintiffs whose homes were constructed more than ten years before they filed their complaints.

After further discovery, Judge James R. Swift granted summary judgment in favor of Beazer on the remaining claims. In his written decision, the judge recognized that even though two of the remaining plaintiffs had replaced their septic systems and three other systems required minor repair, not one of these plaintiffs produced an expert report to support a claim that the originally installed system was defective. He also determined that the other plaintiffs had not presented any problem at all with their systems, which, at the time of his decision, were between eight and twelve years old. Other than the generalities alleged by plaintiffs' expert about the comparative life expectancies of stone and pipe systems and infiltration systems, the expert found no fault in the design, installation or function of the systems Beazer installed.

The judge also recognized that plaintiffs provided no expert report or other evidence to demonstrate that homes with an infiltration system of the type installed by Beazer have a diminished value when compared to those with stone and pipe systems. Plaintiffs did provide an expert report that estimated the cost of replacing plaintiffs' existing systems with a "traditional" system, but no expert opined that such a replacement should occur.

Like the motion judge, we find plaintiffs' claim that Beazer had a duty to inform them of the nature of the septic system similar to a CFA claim we found

wanting in <u>Perkins v. DaimlerChrysler Corp.</u>, 383 N.J. Super. 99 (App. Div. 2006). Beazer constructed and sold a home with a system designed by a licensed engineer and approved for use in this State. It had no obligation to inform the buyers of the type of system installed.

For these reasons, and substantially for the reasons set forth by Judge Swift in his comprehensive and thoughtful written decision, we conclude that plaintiffs' CFA claims were properly dismissed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION