172 N.J. Super. 296 (1980)
411 A.2d 1161
WAYNE TOWNSHIP BOARD OF EDUCATION, PLAINTIFF-APPELLANT,
v.
STRAND CENTURY, INC., ET ALS., DEFENDANTS, AND WALTER KIDDE & CO., INC., DEFENDANT-RESPONDENT, AND STRAND CENTURY, INC., DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
STANDARD TIME CO., INC., ET ALS., THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1980.
Decided February 21, 1980.
*299 Before Judges CRANE, MILMED and KING.
Mark L. Antin, argued the cause for appellant (Gennet and Kallmann, attorneys; Samuel A. Gennet, of counsel).
There was no brief submitted on behalf of respondent, Walter Kidde & Co., Inc.
The opinion of the court was delivered by KING, J.A.D.
On December 16, 1975 a fire occurred in the auditorium of Wayne Hills High School, a facility operated by plaintiff-appellant Board of Education of Wayne Township. Property damage in the alleged amount of $985,230.46 resulted. This suit was filed on May 23, 1978 seeking damages against various parties who allegedly contributed to the loss by their negligence or defective workmanship during the design, manufacture or construction stages relevant to the installation of the dimmer panel for the auditorium stage completed in 1966.
This appeal is taken from a summary judgment in favor of Walter J. Kidde & Co., Inc. (Kidde), defendant-respondent. The claim of liability against Kidde was premised on its alleged ownership and control of a subsidiary, Century Lighting, Inc. (Century), which allegedly participated in the design and manufacture of the dimmer panel and its electrical components. Plaintiff's purported expert, electrical engineer R.W. Persons, had submitted reports implicating both the design of the dimmer panel and the method of manufacture as causative of the fire.
For the purpose of the summary judgment only, Kidde stipulated that it "designed, manufactured and sold the dimmer *300 panel" involved in the fire. The trial judge concluded that the dimmer panel, a unit approximately 2' X 7' X 13', weighing between 6,000 and 8,000 pounds and wired to operate the diverse stage systems and the projection room of the new auditorium, was an "improvement to real estate" within the applicable statute of repose, N.J.S.A. 2A:14 1.1.[1] The trial judge was correct in this ruling. The dimmer panel was an integral part of the permanent electrical system of the auditorium and was "required for the structure to actually function as intended." Brown v. Jersey Central Power & Light Co., 163 N.J. Super. 179, 195 (App.Div. 1978), certif. den. 79 N.J. 489 (1979).
Alternately, plaintiff contends that Kidde was a manufacturer only and did not participate in the design stage. N.J.S.A. 2A:14-1.1 affords the ten-year time-bar from date of completion of performance or furnishing of services to any persons "performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property." The history and purpose of N.J.S.A. 2A:14 1.1 was explored carefully by Justice Mountain in Rosenberg v. North Bergen Tp., 61 N.J. 190 (1972), a case in which the statute was held applicable to a road-paving contractor. The statute was clearly *301 a legislative response to the judicial adoption of the so-called "discovery" rule and abrogation of the so-called "completed and accepted" rule to tort claims arising from construction of improvements to real estate. Id. at 196 197. With respect to the scope of the statutorily protected class the Supreme Court commented:
Viewed in this context the statute should be given a broader sweep than was accorded to it by the Appellate Division. If the condition to which the Legislature addressed itself was this extension of potential liability, then there seems no reason not to include within the favor of the statute all to whom this condition may adhere whether they be planners and builders of structures, roads, playing fields or aught else that by broad definition can be deemed "an improvement to real property." We prefer to read the statute, consonant with what we thus judge to have been the legislative intent, as applying to all who can, by a sensible reading of the words of the act, be brought within its ambit. We therefore conclude that the statute does apply to the facts of this case. [Id. at 198]
........
For convenience we have referred to the beneficiaries of this legislation as architects and building contractors. But the favored class is much larger. It includes "any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property." We do not attempt at this time to enumerate all of the classes of persons coming within this statutory group. These might include, as examples only, the designer of a sewage plant for a development complex, a landscape gardener or a well driller. We can find here no such exclusion from the class as to justify a determination that this is a special law coming within the prohibition of our state Constitution. [Id. at 201]
See, also, O'Connor v. Altus, 67 N.J. 106, 121 (1975).
In the present complaint plaintiff alleged that Kidde "engaged in the business of designing, manufacturing and selling stage lighting and dimmer panels" and that Kidde "designed, manufactured and sold to plaintiff" the stage lighting and dimmer panel which caused the fire. On the successful motion to dismiss because of the time-bar by the other defendants, which constituted the record for the appeal before us, the judge *302 considered an affidavit filed by Century Lighting, Inc., respondent's alleged subsidiary and the conduit for its liability, which states that the "dimmer panel was designed, planned and constructed by Century Lighting, Inc., according to specifications by Barnickel Engineering Corp. [the electrical engineer engaged by plaintiff's architect] and modifications by Knight Electric Co., Inc. [the prime electrical contractor]." An affidavit filed by Barnickel's principal alleged that the electrical engineer designed the electrical system for the auditorium, including the dimmer panel component pursuant to assignment from Flatt and Pool, architects.
The problem as we perceive it is the ambiguity lurking in the word "design" in this context. Clearly, the language and history of N.J.S.A. 2A:14 1.1 manifests a legislative intent to extend the ten-year time-bar to those engaged in the design, planning and construction of improvements to real estate only. The statute was not intended to benefit manufacturers and sellers of products who were uninvolved in the design, planning and construction of improvements to real estate. Product-design alone is not enough to trigger the applicability of N.J.S.A. 2A:14 1.1. See Ramirez v. Amsted Industries, 171 N.J. Super. 261, 277 n. 2 (App.Div. 1979) (17 states had adopted special products liability statutes of limitations at that time); Brown v. Jersey Central Light & Power, supra, 163 N.J. Super. at 195. Any attempt to legislate statutes of repose more favorable for those exposed to product liability hazards than the presently applicable statutes, which permit suit within six-years of the "accrual" of property damage (N.J.S.A. 2A:14 1), or within two-years of the "accrual" of personal injury (N.J.S.A. 2A:14 2), has to date been unsuccessful in New Jersey.[2] At least one *303 pending bill, Senate Bill 269 (1978), limiting the time for suit against a vendor or manufacturer to six years from date of purchase or ten years from the date of manufacture, failed passage during the last session of the Legislature, which adjourned early this year. See Note, 32 Rutgers L.Rev. 21, 60 61, n. 364 (1979).
We conclude that if Kidde, or its subsidiary for whose conduct plaintiff alleges Kidde is legally responsible, participated to any extent in the design and planning stages of the lighting system and dimmer panel, as fabricated and installed in plaintiff's auditorium, it is entitled to the repose of N.J.S.A. 2A:14-1.1. If, however, Kidde merely sold a stock or shelf item out of its regular inventory or fabricated a product as designed and specified by the electrical engineer or the electrical contractor for this project it was not within the repose of N.J.S.A. 2A:14-1.1. We are satisfied that the Legislature did not intend N.J.S.A. 2A:14-1.1 to extend repose to the designers and manufacturers of all products or suppliers of materials which ultimately found their way into improvements to real estate. Implication in the design and planning stage of the improvement to realty itself or of integral component thereof, not mere design of a fungible product or fabrication of a product from specifications which product is later incorporated in the building, is required.[3]
The record before us is unclear on the nature and extent, if any, of Kidde's actual participation in the design phase for the electrical components of the auditorium addition. Especially in *304 view of the apparent novelty of the question, we conclude that the record is not free of any genuine issue of material fact and that respondent Kidde was not entitled to judgment as a matter of law. The record should be further developed. R. 4:46 2; Jackson v. Muhlenberg Hospital, 53 N.J. 138, 142 (1969); McGowan v. Eatontown, 151 N.J. Super. 440, 446 (App.Div. 1977).
We therefore reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. We wish to emphasize that we take no position on Kidde's legal liability for any acts of its alleged subsidiary, Century Lighting, Inc. That issue is not before us.
NOTES
[1] N.J.S.A. 2A:14-1.1:

No action whether in contract, in tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property, or for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.
[2] Under these statutes a claimant's cause of action does not "accrue" until the injury or damage occurs and the claimant learns, or reasonably should have learned, of the existence of that state of facts which may equate in law with a cause of action. Burd v. New Jersey Tel. Co., 76 N.J. 284, 291 (1978); Rosenau v. New Brunswick, 51 N.J. 130 (1968). The manufacturer's liability under these statutes is theoretically without time limit during the life of the product.
[3] E.g., in Carter v. Hartenstein, 248 Ark. 1172, 455 S.W.2d 918 (Sup.Ct. 1970), the court held that a similar statute of repose applied to a defendant who manufactured and installed an elevator in an office building. In Reeves v. Ille Electric Co., 170 Mont. 104, 551 P.2d 647 (Sup.Ct. 1976), the court held that the manufacturer of a whirlpool machine installed in the State University field house was not within the statute of repose.