236 N.J. Super. 608 (1989)
566 A.2d 588
CARMEN SANTOS, HECTOR SANTOS, JR., AN INFANT BY HIS GUARDIAN AD LITEM, HECTOR SANTOS, SR., AND HECTOR SANTOS, SR., INDIVIDUALLY, PLAINTIFFS,
v.
HUBEY CORPORATION, OTIS ELEVATOR COMPANY, JOHN DOE (A-Z) AND ABC-XYZ INC. (SAID NAMES BEING FICTITIOUS AND USED TO DESIGNATE PERSON(S) OR ENTITY(IES) WHOSE REAL IDENTITIES ARE UNKNOWN, DEFENDANTS. JOSEPH DE RUVO AND FRANCES DE RUVO, HIS WIFE, PLAINTIFFS,
v.
B.T. EXCHANGE PLACE LTD. PARTNERSHIP, JONES LANG WOOTON CO., WESTINGHOUSE, INCL., ABC CO., AND XYZ CORP. (SAID NAMES BEING FICTITIOUS), JOINTLY, SEVERALLY OR IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division Passaic County.
Decided September 13, 1989.
*610 John F. O'Donnell (David J. Zendell, attorney) for plaintiffs Santos.
Frederick J. Wortmann (Braff, Ertag, Wortmann, Harris & Sokoneck, attorneys) for defendant Otis Elevator Company.
No appearance by Farabaugh, Frieland, Giles & Hillmann, attorneys for defendant Hubey Corp.
Larry Pollack attorney for plaintiffs De Ruvo.
James L. Sonageri (Sonageri, Pearce, Siegel & Wille, Attorneys) for defendant, Westinghouse Elevator Company.

OPINION
KESTIN, J.S.C.
These matters arise on motions for summary judgment in two personal injury cases in which the plaintiffs allege injuries *611 resulting from the malfunction of elevator equipment. The movant in the Santos case is co-defendant Otis Elevator Company. The movant in the De Ruvo case is co-defendant Westinghouse Elevator Company. In each case the motion is based upon the 10-year statute of limitations contained in N.J.S.A. 2A:14-1.1. Each movant relies upon the reasoning in Hall v. Luby Corp., 232 N.J. Super. 337 (Law Div. 1989), as authority for the applicability, on a motion for summary judgment, of the statute of limitations to a defendant "who designs, fabricates and installs an elevator". The respective plaintiffs actively resist the motions, raising the same arguments as were apparently advanced to the court in Hall.
After a full analysis of the issues and interests I respectfully disagree with the conclusion reached in the learned opinion of my esteemed collegue in Hall. I conclude that the motions for summary judgment must be denied. I believe that the Appellate Division in Wayne Tp. Bd. of Ed v. Strand Century, Inc., 172 N.J. Super. 296 (1980), resolved the difficulty of interpreting and applying N.J.S.A. 2A:14-1.1 in cases such as this at the summary judgment stage. The time bar of the statute applies to insulate from suit any "person performing or furnishing the design, planning, supervision of construction or construction of [an] improvement to real property, more than 10 years after the performance or furnishing of such services and construction". The Appellate Division held that this provision "was not intended to benefit manufacturers and sellers of products who were uninvolved in the design, planning and construction of improvements to real estate. Product design alone is not enough to trigger the applicability of N.J.S.A. 2A:14-1.1." 172 N.J. Super. at 302.
There may be little question, even at this stage of the proceedings, that the installation of an elevator is an improvement to real property within the intendment of the statute. See Hall v. Luby Corp., supra, 232 N.J. Super. at 344-352. Of equal significance, however, is whether a particular defendant's *612 activity in connection with the installation of an elevator was in the nature of design, planning or construction of the improvement or whether it bespoke manufacture (including product design) or sale of a product. If the former, then the time bar would apply; in the latter event a defendant would be subject to the application of "accrual" principles under the "discovery" rule. See Rosenberg v. Town of North Bergen, 61 N.J. 190 (1972). Cf., O'Connor v. Abraham Altus, 67 N.J. 106 (1975). It may be that either or both of the defendants in these cases engaged exclusively in design, planning or construction activities in respect of the real property improvement. It may be that their activities were entirely those of product design, manufacture or sale. It may be that some of the defendants' activities were of the former variety and that other activities were of the latter. In this last event, the question of whether N.J.S.A. 2A:14-1.1 applies will rest upon a determination as to which type of activity predominantly characterized that defendant's involvement. It may even be, as each case develops, that some admeasurement of responsibility in each area of activity will be indicated as a matter of law unless literal force is to be given to the Appellate Division's articulation that "if [the defendant] participated to any extent in the design and planning stages of the [real property improvement], it is entitled to the repose of N.J.S.A. 2A:14-1.1." Wayne Tp. Bd. of Ed. v. Strand Century, Inc., supra, at 303 (emphasis supplied). It seems an open question at this time whether a defendant engaged in both areas of activity should enjoy the benefit of the time bar.
All of the determinations required to resolve this issue are fact sensitive. None should be made on a motion for summary judgment before the plaintiffs have had a full opportunity to engage in issue-oriented discovery. It may well be in one case that an elevator installer was entirely or primarily engaged in design, planning or construction of a real property improvement and that in another case the company's activity was wholly or mostly that of product design, manufacture or *613 sale. The plaintiff in each case is entitled to the opportunity to develop through discovery and proofs the precise nature of each moving defendant's involvement, so that a court may determine upon competent evidence on a motion made at trial (or in limine after discovery has been completed) whether a specific defendant under the particular circumstances of its involvement as the installer of an elevator is eligible to claim the time bar as one engaged in design, planning or construction of a real property improvement; or that it is not because its activities were in the nature of product design, manufacture or sale.
Accordingly, the respective motions of Otis Elevator Company and Westinghouse Elevator Company for summary judgment are denied. Counsel for the respective plaintiffs will each submit an order memorializing the denial of each moving defendant's motion for summary judgment.