IV

Inherent in this Court's initial memorandum opinion, and the majority's denial of rehearing, is a reference to the first-out rule of MCR 7.215(H). One could infer that the majority is concerned that defendant's death has deprived this Court of the opportunity to review a decision that is now binding precedent on all remaining Court of Appeals panels facing the issues addressed. Such concern seems misguided, however, given that the court rule cited specifically includes procedures for any panel of the Court of Appeals that finds the initial decision to be in error to publish such disagreement and cause a vote of the Court's judges regarding convening a special panel to resolve the conflict. To the extent that the decision in this case arguably might contain error, future panels of the Court of Appeals will have the opportunity to address such concerns, and, of course, such decisions may well be presented to this Court for review.[5]

As stated in *Peters*, "I cannot accept the majority's position that considerations of judicial economy are more important than assuring a proper appellate resolution of the guilt or innocence of a convicted defendant." *Id.* at 529. Where that appellate resolution has resulted in the reversal of defendant's conviction as erroneous, I believe it improper and unwarranted for this Court to summarily vacate such a reversal, and leave a now presumptively invalid conviction standing. I would thus vacate that part of our prior opinion that vacates the decision of the Court of Appeals.

KELLY, J. I join in the statement of Justice CAVANAGH.

*Leave to Appeal From Attorney Discipline Board Denied November 24, 1998:*

GRIEVANCE ADMINISTRATOR V SZABO, No. 111632.

GRIEVANCE ADMINISTRATOR V LARENE, No. 111633.

WEAVER, J. I would grant leave to appeal.

---

not suggest such action, and, rather, would adhere to our established precedent, instead of modifying it to reach an expedient result.

[5] As a practical matter, I tend to believe that, as is often the case, parties who are adversely affected by the matter decided in a published decision of the Court of Appeals that, for whatever reason, is not appealed to this Court, will endeavor to bring similar cases before this Court for review. If there is error in the published decision, and we have no call to discuss such matter now, I have no doubt that the prosecution in future cases will bring such issues to the Court's attention, and we will have ample opportunity to address them in due course.