

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2002

# Route 18 Cent Plaza v. Beazer East Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1750

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Route 18 Cent Plaza v. Beazer East Inc" (2002). *2002 Decisions.* Paper 719.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/719

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-1750
_____

ROUTE 18 CENTRAL PLAZA, L.L.C.,
                                        Appellant

v.

BEAZER EAST, INC.,
COOLEY INCORPORATED and
COOLEY ROOFING SYSTEMS, INCORPORATED

_____

On Appeal from the United States District Court
for the District of New Jersey
Civil Action No. 00-2436 (DRD)
District Judge: Judge Dickinson R. Debevoise

_____

Submitted Under Third Circuit LAR 34.1(a)
October 29, 2002

_____

Before: NYGAARD, GARTH, and MICHEL,[*] Circuit Judges

(Opinion Filed: November 7, 2002)

_____

OPINION

_____

---

[*] Honorable Paul R. Michel, United States Court of Appeals for the Federal Circuit, sitting by designation.

Garth, <u>Circuit</u> <u>Judge</u>:

Appellant Route 18 Central Plaza, L.L.C. ("Route 18") appeals the district court's

dismissal of its complaint on the grounds that New Jersey's Statute of Repose, N.J. Stat.

Ann. § 2A:14-1.1, barred Route 18's claims from ever arising. We conclude that, at this

early stage of the litigation, the complaint does not provide a sufficient factual basis for the

application of the Statute of Repose, and thus will reverse the district court's judgment

dismissing Route 18's claims and remand the case for further factual development.

## I.

Because we write solely for the benefit of the parties, we recount the facts and the

procedural history of the case only as they are relevant to the following discussion.

Route 18 owns a shopping plaza in New Brunswick, New Jersey. Route 18's predecessor in

interest, United States Land Resources ("USLR"), acquired title to the plaza from Aetna

Life Insurance Company on November 10, 1998. Route 18 has not specified in its

complaint when it obtained title to the plaza. According to Route 18, defendants-appellees

"Cooley Incorporated and/or Cooley Roofing Systems Incorporated ["CRSI"] . . . and

Beazer East, Inc. jointly marketed a [r]oofing system which system was installed on the

property known as the Route 18 Shopping Center." Appellant's Br. at 5.[1]

CRSI provided a warranty for this roofing system. Certification of John M.

---

[1] This opinion will refer to defendants-appellees Cooley, Inc., CRSI, and Beazer
East, Inc. as the "Cooley defendants."

O'Reilly, Ex. B., App. 43-45. This warranty indicated that the roofing system consisted of a 90,000-square foot, cool top membrane, utilizing phenolic foam insulation; that the licensed roofer involved in the project was New Brunswick Roofing & Metal Co.; that work began on December 18, 1986, and was completed on July 1, 1987; that one Jim Maxwell inspected the work on October 5, 1987; and that the warranty was effective from July 1, 1987 to July 1, 1997. *Id*., App. 45. The warranty appears to be signed by CRSI's president, and the signature is dated July 25, 1989. *Id*.

According to the certification of the president of USLR, which manages the shopping plaza for Route 18, the phenolic foam insulation contained in CRSI's roofing system "was defectively manufactured and often caused severe damage to the metal decking beneath it," because "when moisture came into contact with the phenolic foam . . . sulphuric acid leaches from the foam insulation," resulting in damage to the metal decking. Certification of Lawrence S. Berger in Opposition to Defendants' Motion to Dismiss the Complaint With Prejudice, ¶ 6, App. 128.

Route 18 commenced suit against the Cooley defendants by filing a complaint on May 18, 2000, App. 18, and an amended complaint to plead additional jurisdictional facts on November 14, 2000, App. 24. Route 18's amended complaint contained five counts (as did the original), alleging the following: (1) CRSI breached its warranty in failing to repair the roofing system, Am. Compl. ¶ 11, App. 26; (2) Cooley, Inc., CRSI, and/or Beazer East, Inc.'s defective design, manufacture, "and/or" installation of the roofing system caused damage to Route 18, *id*. ¶¶ 17-19, App. 26-27; (3) Cooley, Inc., CRSI, and/or Beazer East,

Inc. breached "a duty of good faith and fair dealing," *id*. ¶ 21, App. 27, and the "actions, inactions, negligence and wrongful conduct" of Cooley, Inc., CRSI, and/or Beazer East, Inc. caused damages to Route 18, *id*. ¶ 22, App. 27; (4) the "aforesaid actions, inactions, negligence and wrongful conduct" caused damages to Route 18, *id*. ¶ 25, App. 28; and (5) the roofing systems "were defectively designed, manufactured, and/or installed," *id*. ¶ 28, App. 28, and Cooley, Inc., CRSI, and/or Beazer East, Inc. "knew or should have known" of these defects, but "failed to reasonably address and mitigate such defects," *id*. ¶ 29, App. 28, and then Cooley, Inc., CRSI, and/or Beazer East, Inc. acted "to obfuscate and forestall discovery of such defects," *id*. ¶ 33, App. 29, causing damages.

The district court granted the Cooley defendants' motion to dismiss on the grounds that New Jersey's Statute of Repose barred Route 18's causes of action from arising. *Route 18 Central Plaza, L.L.C. v. Beazer East, Inc.*, No. 00-2436 (DRD) (D.N.J. Feb. 23, 2001), at 8-9, App. 9-10. The district court dismissed the complaint with prejudice, and denied Route 18's cross-motion to amend its complaint, on the grounds that "it would be futile for plaintiff to amend its complaint as any and all of its claims against the defendants have been completely and permanently extinguished by the running of the statute of repose." *Id*. at 9, App. 10.

This timely appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 to hear this appeal from the

district court's final judgment in this diversity action. We have plenary review of a district court's order granting a motion to dismiss for failure to state a claim. *See, e.g.*, *Board of Trustees of Bricklayers and Allied Craftsmen Local 6 of New Jersey Welfare Fund v. Wettlin Associates, Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). "We accept the allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. Only if it appears certain that a plaintiff could prove no set of facts supporting its claim and entitling it to relief do we affirm." *Id*. (citations omitted). We also have plenary review of a district court's interpretation and application of state law. *See*, *e.g.*, *Horsehead Industries, Inc. v. Paramount Communications, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001).

The New Jersey Statute of Repose provides that:

*No action*, whether in contract, in tort, or otherwise, to recover damages for any deficiency in the design, planning, surveying, supervision or construction of an improvement to real property, or for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, *shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction*. This limitation shall serve as a bar to all such actions, both governmental and private, but shall not apply to actions against any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.

N.J. Stat. Ann. § 2A:14-1.1 (2002) (emphasis added).[2] As a Statute of Repose, this provision serves to restrict causes of action from ever arising after the ten-year period. *See Newark Beth Israel Medical Center v. Gruzen & Partners*, 590 A.2d 1171, 1174 (N.J. 1991) ("[I]njuries occurring more than ten years after the completion of services simply form no basis for recovery. The statute prevents what could have been a cause of action related to those services from ever arising."); *Diana v. Russo Development Corp.*, 799 A.2d 689, 692 (N.J. Super. Ct. App. Div. 2002).

The New Jersey Supreme Court has explained the background and purpose of the statute:

> Although the legislative history regarding the enactment of N.J.S.A. 2A:14-1.1 is meager and unrevealing . . . we have concluded that the Legislature enacted the statute in response to the expanding application of the "discovery rule" to new types of tort litigation, the abandonment of the "completed and accepted rule" (by which contractor and architect liability for negligence ended on completion of the work and its acceptance by the property owner), and the expansion of strict liability in tort for personal injuries caused by defects in new homes to builder/sellers of those homes. . . . *Those judicial trends created the potential for liability for injuries occurring long after design and construction professionals had completed a project. The statute meant to cut back on the potential of this group to be subject to liability for life.*

*Newark Beth Israel*, 604 A.2d at 1173-74 (emphasis added) (citations and internal quotation marks omitted).

On appeal, the only question before us is whether the Cooley defendants fall within

---

[2] The statute was amended in 2001 to include "surveying" as a protected activity.

the class of persons covered by the Statute of Repose.[3]  The district court determined that Route 18 had "alleged that the defendants defectively designed, manufactured, and installed the roofing system," and accordingly that the Cooley defendants were "squarely within" the protection of the statute.  *Route 18 Central Plaza*, No. 00-2436 (DRD), at 8-9, App. 9-10.  Route 18 claims, however, that its complaint can be read to state that the Cooley defendants were manufacturers and suppliers of a roofing system that suffered from a defective *product* design, and that, as such, the defendants are not covered by the Statute of Repose.  Route 18 claims that if the Statute of Repose does not apply, then any applicable statute of limitation might be tolled by the discovery rule and fraudulent concealment principles.

As we explain, the complaint does not provide sufficient guidance in determining whether the Cooley defendants are within the class of persons protected by the Statute of Repose.  Our review of New Jersey case law has convinced us, however, that the district court should not have dismissed the claim at this early stage.  "The accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Accordingly, the district court should have not have granted the Cooley defendants' motion to dismiss without

---

[3] In the instant matter, there is no dispute on appeal as to certain of the statutory requirements.  Route 18 does not dispute that the roofing system constitutes an improvement to real property.  Nor does Route 18 dispute that the problems with the roofing system constitute a "defective and unsafe condition of an improvement to real property," as the statute requires.  N.J. Stat. Ann. § 2A: 14-1.1(a).

-7-

having discovery proceedings in order to determine whether the Cooley defendants had merely acted to supply defectively designed products, *i.e.*, the roofing system materials at issue, rather than acting as designer, planner, or supervisor of the roofing system as an improvement to real property. If the former, the Statute of Repose would not apply.

The complaint is not a model of clarity. Whereas in one paragraph, Route 18 had alleged that the Cooley defendants had "designed, manufactured, and installed" the roofing system, *see* Am. Compl. ¶ 16, elsewhere the complaint reflected much greater uncertainty and ambiguity as to the role of the Cooley defendants in the design, manufacture, or installation of the roofing system. *See* Am. Compl. ¶ 8 ("Cooley, CRSI and/or Beazer jointly marketed a Roofing System which was installed on 18 Central Plaza"); *id*. ¶ 17 ("As a result of the defective design and/or defective manufacture and/or defective installation of the Roofing System, the Roofing System has never adequately performed and has never been watertight"); *id*. ¶ 19 ("As a result of the defective design, manufacture, and/or installation of the Roofing System, plaintiff has been damaged"); *id*. ¶ 28 ("Defendant's roofing systems were defectively designed, manufactured, and/or installed"); *id*. ¶ 34 ("As a result of Defendants' negligent design, manufacture and/or installation, Plaintiff has been injured").

It is therefore not clear whether the "defective design" to which the complaint refers is a defective *product* design of the roofing system supplied by the Cooley defendants or a deficiency in the *planning, construction, or designing* of the improvement to real property by the Cooley defendants. In the absence of such clarity, and upon review of the

interpretation that New Jersey courts have given to the Statute of Repose, further factual development must be undertaken to flesh out the allegations of the complaint as they pertain to the Cooley defendants' Statute-of-Repose defense.

This is so because New Jersey courts have held that the Statute of Repose does not bar claims concerning defective *product design and manufacture*. *See Diana*, 799 A.2d at 693 (citing *Santos v. Hubey Corp.*, 566 A.2d 588, 589 (N.J. Super. Ct. Law Div. 1989)). These courts have distinguished between claims against those who do the installing, supervising, designing, and planning of improvements to real property and those who just provide standardized construction products. The New Jersey courts have concluded that questions related to this distinction must be resolved by a fact-intensive inquiry.

In *Wayne Township Board of Education v. Strand Century, Inc.*, 411 A.2d 1161 (N.J. Super. Ct. App. Div. 1980), the court reversed a lower court's grant of summary judgment to the defendants. It did so for further factual development in a case involving a defective lighting system and dimmer panel for a school auditorium. The court explained:

> The problem as we perceive it is the ambiguity lurking in the word "design" in this context. . . . The statute was not intended to benefit manufacturers and sellers of products who were uninvolved in the design, planning and construction of improvements to real estate. Product-design alone is not enough to trigger the applicability of [the Statute of Repose].

*Id.* at 1163-64.

A similar ambiguity lurks in Route 18's use of the word "design" in its complaint. If the record in *Strand Century* was, at the summary judgment stage, "unclear on the nature and extent, if any, of [the defendant's] actual participation in the design phase for the

-9-

electrical components of the auditorium addition," *id*. at 1164, then, *a fortiori,* the

situation in the instant case requires further factual development.

Other cases support the distinction identified in *Strand Century* between product

design and the design, planning, and construction of improvements to real estate, and

recognize the factual nature of the question. In *Santos v. Hubey Corp.*, 566 A.2d 588 (N.J.

Super. Ct. Law Div. 1989), the court denied defendants' motion to dismiss in a case

involving claims related to the malfunction of an elevator. The court explained that the role

of the defendants with respect to the provision of the malfunctioning elevator was unclear,

and that further factual development was required:

> *All of the determinations required to resolve this issue are fact sensitive. None should be made on a motion for summary judgment before the plaintiffs have had a full opportunity to engage in issue-oriented discovery.* . . . The plaintiff in each case is entitled to the opportunity to develop through discovery and proofs the precise nature of each . . . defendant's involvement, so that a court may determine upon competent evidence on a motion made at trial (or in limine after discovery has been completed) whether a specific defendant under the particular circumstances of its involvement as the installer of an elevator is eligible to claim the time bar as one engaged in design, planning or construction of a real property improvement; or that it is not because its activities were in the nature of product design, manufacture or sale.

*Id*. at 589-90 (emphasis added). The *Santos* court thus exhibited a reluctance, similar to

that of the *Strand Century* court, to impose the bar of the Statute of Repose without factual

development beyond the summary judgment stage, at least in the absence of discovery. *See*

*also Cinnaminson Township Bd. of Educ. v. U.S. Gypsum Co.*, 552 F. Supp. 855, 863

(D.N.J. 1982) (denying motion for summary judgment for defendants in case involving

-10-

acoustical plaster, containing asbestos, installed in school buildings, where defendant "played no role in the actual installation of the acoustical plaster," but rather, the asbestos "appears to have been mere stock material, available for use in a wide variety of settings, and which incidentally found its way into plaintiff's schools as a result of its use by a subcontractor.").

We also find helpful an unpublished decision identified by Route 18 in which the New Jersey District Court rejected a motion to dismiss a complaint on the basis of New Jersey's Statute of Repose in a case involving Goodyear roofing systems. *See Apollo Associates, Ltd. v. Versico, Inc.*, Civ. No. 98-4202 (WHW) (D.N.J. Aug. 18, 1999) (Walls, J.), at 7 (concluding that "[b]ecause defendants are not contractors, builders, planners or designers, but suppliers and warrantors of roofing materials, the statute of repose is inapplicable here").

Our review of New Jersey case law, combined with our uncertainty about the allegations in the complaint, therefore satisfies us that without further factual development, application of the Statute of Repose to bar Route 18's claims is inappropriate at this early stage, and that dismissal of the complaint was unwarranted. Accordingly, we will reverse the district court's judgment granting the Cooley defendants' motion to dismiss and will remand the case for further proceedings.

We note, however, that our decision does not foreclose the Cooley defendants from raising a Statute of Repose defense or other defenses after further proceedings concerning the extent of their involvement with Route 18's roofing system.

-11-

### III.

For the foregoing reasons, the judgment of the district court will be REVERSED and REMANDED.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Leonard I. Garth
Circuit Judge