853 A.2d 234

JANUSZ DZIEWIECKI, PLAINTIFF–RESPONDENT, v. WIESLAW BAKULA AND ELIZABETH BAKULA, JOHN DOE 1–15 (SAID NAMES BEING FICTITIOUS) AND RICHARD ROE, INC. 2–15 (SAID NAMES BEING FICTITIOUS), DEFENDANTS, AND GROBELS, INC., AND FOX POOLS, INC., DEFENDANTS–APPELLANTS.

Argued March 15, 2004—Decided August 3, 2004.

*Gerard W. Quinn,* argued the cause for appellant Fox Pools, Inc. (*Cooper Levenson April Niedelman & Wagenheim,* attorneys).

*Bernard A. Campbell, Jr.,* argued the cause for appellant Grobels, Inc. (*Destribats, Campbell, DeSantis & Magee,* attorneys).

*Bernard P. Hvozdovic, Jr.,* argued the cause for respondent (*Lynch Martin,* attorneys).

PER CURIAM.

Janusz Dziewiecki was seriously injured in September 1997 as the result of a swimming pool accident. Alleging various theories of liability, Dziewiecki sued his hosts, Wieslaw and Elizabeth Bakula; the installer and supplier of the pool, Grobels, Inc. (Grobels); and the manufacturer of the pool kit, Fox Pools, Inc. (Fox). In respect of Grobels and Fox, Dziewiecki asserted a product liability claim, arguing that his injuries were proximately caused by the inadequate location of warning signs placed around the pool.

The Law Division granted summary judgment to Grobels and Fox pursuant to the ten-year bar set by the New Jersey Statute of Repose (SOR), *N.J.S.A.* 2A:14–1.1,[1] and the Appellate Division reversed. Judge Rodriguez, writing for the court, concluded that

---

[1] Subsequent to the dismissal of plaintiff's claims against Grobels and Fox, plaintiff settled his remaining claim with the Bakulas.

Fox and Grobels, acting in their respective roles as manufacturer and distributor of the pool kit installed by Grobels, did not fall within the class of persons or entities protected by the SOR. 361 *N.J.Super.* 90, 824 *A.*2d 241 (App.Div.2003). We affirm the well-reasoned opinion of the Appellate Division and add only some additional comments.

The material facts are as follows: Plaintiff Dziewiecki dove from the side of a residential in-ground swimming pool during a Labor Day get-together at the Bakulas' home. He hit the opposite, sloped wall of the pool with the result that at the age of thirty-six he was rendered a quadriplegic. It is undisputed that in 1972 the previous owners of the Bakula property had purchased a pool kit (manufactured by Fox) from Grobels (a franchise dealer for Fox). Grobels transported the kit to New Jersey and installed it with certain on-site additions, *i.e.*, a concrete apron and fencing. Most relevant to this case, the pool had three warning signs but no means of separating the shallow from the deep end or of indicating water depth on the pool walls. The question before the Court is whether the SOR protects Grobels and Fox from suit.

The SOR states:

> No action, whether in contract, in tort, or otherwise, to recover damages for any deficiency in the design, planning, surveying, supervision or construction of an improvement to real property, or for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction.
>
> [*N.J.S.A.* 2A:14–1.1a.]

Under the plain language of the statute, in order to invoke the protections of the SOR, Fox and/or Grobels must demonstrate that: (1) the injury sustained by plaintiff resulted from a defective and unsafe condition of an improvement to real property; (2) Fox and/or Grobels were responsible for performing or furnishing the design, planning, surveying, supervision of construction, or con-

struction of the improvement; and (3) the injury occurred more than ten years after the performance or furnishing of the services.

We agree with the Appellate Division that "the in-ground swimming pool as installed on the Bakulas' property with a cement apron around it, is clearly an improvement to real property." 361 *N.J.Super.* at 96, 824 *A.*2d 241; *see Ebert v. S. Jersey Gas Co.,* 157 *N.J.* 135, 139, 723 *A.*2d 599 (1999) (finding gas service line connected to residential property improvement to real property because it "enhances the use of the property, ... adds to the value of the property, and is permanent in nature") (citation omitted); *Lewis v. Hopewell Valley Racquet Club,* 269 *N.J.Super.* 71, 76, 634 *A.*2d 568 (App.Div.1993) (finding in-ground swimming pool with diving stands improvement to real property). It is also uncontroverted that plaintiff sustained his injury some twenty-five years after the pool was installed. The question remains, however, whether the persons responsible for performing or furnishing the services enumerated in the SOR include manufacturers and suppliers of mass-produced products [2] such as the Fox pool kit at issue in this case.

██ The persons entitled to protection under the SOR are set out clearly in the statute: "person[s] performing or furnishing the design, planning, surveying, supervision of construction or construction." That list does not include manufacturers and sellers of products; rather, manufacturers and sellers are covered by the statute of limitations applicable to the New Jersey Products Liability Act, *N.J.S.A.* 2A:58C–1 to –11, that, in relevant part, permits suit up to two years from accrual of the cause of action. *N.J.S.A.* 2A:14–2. Although we acknowledge that Fox "designed" the pool kit, in the sense that "products" are "designed," we do not

---

[2] As plaintiff points out:

It [the pool] was a stock item selected from a brochure. No changes or alterations were performed to the model prior to its delivery.... The pool is no different than a stock item that one pulls off the shelf at a store.... The fact that it is the product of various components assembled onsite does not make it any less a product.

believe that those who design products for manufacturers and suppliers of standardized items were intended to be covered by the SOR. *See Dighton v. Fed. Pac. Elec. Co.,* 399 *Mass.* 687, 506 *N.E.*2d 509, 515 (1987) ("[T]he inspection, supervision and observation of construction by architects and contractors involves *individual expertise* not susceptible of the quality control standards of the factory.") (emphasis in original) (citation omitted); *see also Wayne Tp. Bd. of Ed. v. Strand Century, Inc.,* 172 *N.J.Super.* 296, 303, 411 *A.*2d 1161 (App.Div.1980) (stating that if manufacturer of component of lighting system "sold a stock or shelf item of its regular inventory," manufacturer could not claim repose under *N.J.S.A.* 2A:14–1.1).

■ Fox, then, does not come under the SOR. Grobels, however, was a seller/distributor and, also, the installer of the pool kit. The Appellate Division held that "Grobels, *qua* installer is protected by the SOR" such that "claims based on the installation or construction of the improvement to real property, *i.e.,* the installed pool, are precluded," 361 *N.J.Super.* at 99, 824 *A.*2d 241, whereas claims sounding in product liability, *i.e.,* a defective pool kit, would be allowed to proceed. We add only that the Appellate Division previously has opined that a person who "participated *to any extent*" in activities covered by the SOR is entitled to its protection. *Wayne, supra,* 172 *N.J.Super.* at 303, 411 *A.*2d 1161 (emphasis added); *see Santos v. Hubey Corp.,* 236 *N.J.Super.* 608, 612, 566 *A.*2d 588 (Law Div.1989) (quoting *Wayne* on allocation issue).

■ We reject that approach and hold that when a person in effect wears "two hats" (undertakes activities covered by the SOR *and* comes under the product liability statute), and the cause of the injury is attributable to both, the responsibility should be allocated between the two. That portion of the liability that relates to activities that fall within the SOR would not after ten years be actionable, and that portion of the liability that derives from a product liability cause of action would be covered by the limitations period set forth in *N.J.S.A.* 2A:14–2. Other courts

have held, as we have today, that statutes of repose like New Jersey's SOR focus on the "activities" of persons seeking their protection. *See, e.g., Dighton, supra,* 506 *N.E.*2d at 515 (fixing scope of protection of SOR to acts "performed with respect to 'improvement to real estate' ") (citation omitted); *McConnaughey v. Bldg. Components, Inc.,* 536 *Pa.* 95, 637 *A.*2d 1331, 1333 (1994) (requiring defendant to show actions "within the class which is protected by the [SOR]"); *Condit v. Lewis Refrigeration Co.,* 101 *Wash.*2d 106, 676 *P.*2d 466, 468 (1984) (limiting its SOR to "activities relate[d] to the process of building a structure"). Not only does allocation accord with the statutory language, but also, it provides a more equitable distribution of the burden than an all-or-nothing approach.

For the foregoing reasons, the judgment of the Appellate Division is affirmed.

*For Affirmance*—Chief Justice PORITZ and Justices VERNIERO, LaVECCHIA, ZAZZALI, ALBIN and WALLACE—6.

*Opposed*—None.